STATE v. NEAL.

(Filed November 24, 1903.)

INTOXICATING LIQUORS—*Druggists—Agency—The Code, sec. 3137—*
*Licenses.*

> Where a clerk in a drug store unlawfully sells intoxicating liquor
> without the knowledge and against the orders of the owner,
> the owner is not liable for the act of the clerk.

INDICTMENT against A. W. Neal, heard by Judge *T. J.*
*Shaw* and a jury, at January Term, 1903, of the Superior
Court of CABARRUS County. From a verdict of guilty and
judgment thereon, at May Term, 1903, the defendant ap-
pealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Montgomery & Crowell,* for the defendant.

CONNOR, J. The defendant was indicted in two counts:
First, for selling liquor by the small measure, having no
license therefor; second, for selling one pint of liquor, "then
and there being a druggist, and said spirituous liquor not
being sold strictly for medical purposes and not upon a *bona*
*fide* prescription of a legally practicing physcian. Upon a
plea of not guilty the State introduced evidence tending to
show that the defendant was the owner of a drug store in
said county, and that one Gale, who was the clerk of the de-
fendant, sold to the party named in the indictment one pint
of whiskey, and that defendant was present when the whiskey
was sold. The defendant introduced evidence tending to
show that he had the license prescribed by law to sell liquor as
a druggist; that Gale, who was his clerk, was a licensed and
registered pharmacist, according to the laws of the State; that

133—44

STATE v. NEAL.

he was not present when Gale sold the liquor and knew nothing about said sale; that he had in good faith expressly instructed and ordered his said clerk not to sell any whiskey or intoxicating liquor contrary to law. It was in evidence that defendant kept whiskey for sale as a medicine only. The defendant asked the Court to instruct the jury that if Gale, the clerk, sold the whiskey to the State's witness without defendant's knowledge, in his absence and against his wishes, they should acquit him. The Court declined to so instruct, and charged the jury that if they were fully satisfied that the defendant owned the drug store and whiskey, and that his clerk (Gale) sold the whiskey to the witness in measure less than a quart, that it was their duty to convict the defendant, although they found that it was sold in the absence of the defendant, against his consent and contrary to his orders. Defendant excepted and from a judgment following a conviction appealed.

The defendant's counsel contend that the facts in this case distinguish it from *State v. Kittelle,* 110 N. C., 560, 28 Am. St. Rep., 698, 15 L. R. A., 694. It was held in that case that a licensed retail liquor dealer is criminally responsible for the unlawful sale by his agent of liquor to minors, although such sale may have been against his instructions and without his knowledge. The decision was put largely upon the fact that the defendant was entrusted with the privilege and authorized to retail liquor because of the fact that he had made it to appear to the Board of Commissioners that he was a fit person—possessed the qualifications—a good moral character, involving discretion and purpose to obey the law; that he could not, without liability, depute some other person to perform this duty. It was further noticed that the statute made the act of selling directly or indirectly to an infant indictable, and the sale to an infant was made *prima facie* evidence of knowledge. The case was well considered, ex-

haustive opinions having been filed by two of the justices, and a dissenting opinion by *Mr. Justice Shepherd.* We think that this case is to be distinguished, and it is therefore unnecessary to review the variant opinions of the learned Justices in that case. The statute, The Code, sec. 3137, makes it unlawful for any person, unless he be a registered pharmacist, to be employed in dispensing or compounding medicines, etc. The business in which the defendant was engaged was not selling liquor—he never placed any liquor in the hands of his clerk to *sell,* except upon a prescription of a regular physician. He was compelled by law to employ for this purpose only those whom the duly appointed agency had licensed and permitted to register. He was not expected or permitted to conduct his business by any other agency. Having, as the evidence tended to show and his Honor's instruction assumed, acted strictly in compliance with the law, both in the selection of his clerk and instructions given him, it would seem that a violation of duty by such clerk would not make him criminally liable. There must be a distinction between the case of a retail liquor dealer who places the liquor in the charge of his clerk for the purpose of selling as a beverage and the owner of a drug store who places it in charge of a licensed pharmacist to sell only as a medicine upon the prescription of a physician. Such distinction is recognized by the Supreme Court of Massachusetts in *Commonwealth v. Joselyn,* 158 Mass., 482, 21 L. R. A., 449, in which it is held "That a retail druggist holding a license, who in good faith intends that liquor shall not be sold to minors, and instructs his clerks accordingly and uses reasonable diligence in the selection of his clerks and in securing obedience to his instructions, is not criminally responsible for the act of a clerk in selling intoxicating liquor to a minor, whether such clerk makes an honest mistake or wilfully disobeys his employer's orders." In so far as this language applies to this indict-

ment—sale of liquor without license—we approve and adopt it. We confine it strictly within this limit. We are not dealing with an alleged violation of our minor liquor law: if it should be made to appear that the employer kept a clerk in his employment, after knowing or having reasonable cause to think that he was violating the law, it would be competent and very cogent evidence that he was not acting in good faith and render him guilty. The principle upon which this decision is made extends no further than its application to the facts in this and like cases. The defendant was entitled to have the jury given the instruction requested. If they found the fact to be as assumed by the instruction the defendant was entitled to an acquittal. Of course the clerk making the sale is guilty.

There must be a
New trial.